UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY F. TABB, et al.,

　　　　　　　Plaintiffs,

　　v.

PIERCE COUNTY, et al.,

　　　　　　　Defendants.

CASE NO. 3:26-cv-05400-JHC-DWC

ORDER DECLINING SERVICE,
DENYING MOTIONS FOR JOINDER,
AND TO SHOW CAUSE

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. The action was initiated on April 16, 2026, by twenty plaintiffs, all proceeding *pro se*, and concerns the conditions of confinement at Pierce County Jail ("PCJ"). Dkt. 1. The filing fee has been paid. *See docket.*

Several motions are currently pending in this action. Numerous individuals, all purportedly housed at PCJ at various times, have filed *pro se* motions to join this action. Dkts. 23, 27, 29, 30, 31, 34, 40, 43, 49. In addition, Plaintiff Danny Tabb has filed a motion for preliminary injunction and a motion to appoint counsel. Dkts. 33, 46. Both motions filed by

ORDER DECLINING SERVICE, DENYING
MOTIONS FOR JOINDER, AND TO SHOW
CAUSE - 1

Plaintiff Tabb are signed by him but do not include signatures of the nineteen other plaintiffs currently present in this action or the numerous other individuals seeking to join. *Id.*

Having screened the complaint under 28 U.S.C. § 1915A, the Court finds the plaintiffs are not properly joined in this suit, that joinder of others would be inappropriate, and that severing this action into individual cases would alleviate obstacles in litigating a joined action while still permitting plaintiffs to pursue their individual claims.

Therefore, all plaintiffs must show cause according to the instructions below on or before **July 1, 2026**, why this action should not be dismissed without prejudice against all plaintiffs other than the first-named plaintiff, Danny Tabb.

## I.    DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

At present, there are significant deficiencies in complaint, such as failure to allege personal participation by individually named defendants, improper reliance on *respondeat superior* liability for supervisory defendants, and failure to allege facts sufficient to establish standing on all causes action and for all named plaintiffs, among other things. *See* Dkt. 45. While the Court notes these deficiencies, it must first resolve whether this action should proceed as a

ORDER DECLINING SERVICE, DENYING
MOTIONS FOR JOINDER, AND TO SHOW
CAUSE - 2

single action or as several separate actions given the practical difficulties of litigating a case involving multiple *pro se* prisoner plaintiffs.

To begin, the complaint states that each plaintiff sues "on his own behalf, and on behalf of a class of pretrial detainees…." Dkt. 45 at 3–9. However, all plaintiffs named in the complaint and all individuals seeking to join are proceeding *pro se*. The Ninth Circuit has made clear that a *pro se* litigant has no authority to appear as an attorney for others. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (*citing Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)); *McShane v. United States,* 366 F.2d 286, 288 (9th Cir. 1966). As a result, no plaintiff in this action may file, move, or otherwise litigate on behalf of any other individual.

The Court must therefore determine whether joinder of all twenty plaintiffs in a single action is either proper or practical. Rule 20 of the Federal Rule of Civil Procedure permits joinder of plaintiffs in a single action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). However, Rule 21 of the Federal Rules of Civil Procedure authorizes the Court, on just terms, to sever claims. Fed. R. Civ. P. 21; *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness).

Although the complaint, in general, is not particularly well pled, there appear to be at least some claims arising out of the same occurrences and which may involve questions of law or fact common to all plaintiffs. The complaint broadly challenges numerous conditions of confinement at PCJ, including allegations regarding overcrowding, understaffing, insufficiently trained staff, inadequate monitoring and treatment procedures for suicidal, intoxicated, detoxing,

ORDER DECLINING SERVICE, DENYING
MOTIONS FOR JOINDER, AND TO SHOW
CAUSE - 3

or emotionally disturbed detainees, lack of funding and upkeep, insufficient surveillance capabilities, denial of recreation and direct sunlight, denial of religious services and visitation, and certain medical and dental care practices. Dkt. 45. At least some of these allegations appear to concern institutional policies or practices affecting detainees generally and therefore may involve common questions of law or fact under Rule 20.

However, the complaint also includes allegations that appear to implicate only certain plaintiffs or involve individualized circumstances and injuries. For example, the complaint alleges that Plaintiff Tabb suffered compound migraines, high blood pressure and hypertension while incarcerated, and that he had glass in his right eye for several weeks while allegedly being denied medical care. *Id.* at 40. These allegations appear to concern injuries unique to Plaintiff Tabb and do not clearly involve questions of law or fact common to all plaintiffs. Moreover, despite the complaint spanning more than sixty pages, Plaintiff Tabb's allegations concerning his specific medical issues appear to be among the rare instances in which the complaint alleges an injury with any meaningful degree of factual detail. Beyond these, the allegations in the complaint largely refer collectively to "plaintiffs" or detainees generally without identifying which particular plaintiffs personally experienced the alleged unconstitutional conditions or how their particular harms were sustained. Thus, the degree of any plaintiffs' involvement in the various claims asserted is exceedingly difficult to discern in the complaint's current form.

However, even assuming that some of the claims might be properly joined under Rule 20, there are numerous practical difficulties which pose challenges in multi-plaintiff prisoner litigation. In practice, the limitations on *pro se* representation means that any motion, pleading, or request for relief filed in this action must be signed by each plaintiff. *See* Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the

ORDER DECLINING SERVICE, DENYING
MOTIONS FOR JOINDER, AND TO SHOW
CAUSE - 4

party is unrepresented."). Further, all motions filed with the Court, pleadings, written notices and demands, and various discovery matters must be served upon all parties, including each individual plaintiff and defendant. Fed. R. Civ. P. 5 (service and filing pleadings and other papers). This includes, for example, the currently pending motions seeking a preliminary injunction and appointment of counsel, which are signed only by Plaintiff Tabb without any indication service was accomplished upon other plaintiffs. Dkts. 33, 46. As these *pro se* motions do not comply with the signature requirement of Rule 11 of the Federal Rules of Civil Procedure, they are procedurally improper and are stricken from the record in this case.

The Rule 11 deficiencies presently before the Court also illustrate the substantial logistical burdens posed by maintaining this matter as a multi-plaintiff *pro se* action. These difficulties are particularly pronounced where, as here, the claims concern the conditions of pretrial detention, which is temporary and transitory in nature. It seems likely, if not inevitable, that numerous plaintiffs will be released or transferred out of PCJ during the pendency of this suit, making their continued participation challenging, if not impossible.

Indeed, while many of the original plaintiffs may have been housed at PCJ when this action was filed on April 16, 2026, some are no longer detained at that facility. For example, mail addressed to Plaintiffs Leon Sylvester Oya, Devin Michael Ryan, and Trevion Jeremy Tyrone Tucker at PCJ has been returned to the Court as undeliverable. Dkt. 26; Dkts. 47, 48; Dkts. 5, 50. Additionally, these plaintiffs have not filed notices of change of address as required by Local Civil Rule 41(b)(2),[1] nor have Plaintiffs Oya or Ryan participated in this action since its commencement. *See docket*.

---

[1] Local Civil Rule 41(b)(2) provides that if mail directed to a *pro se* plaintiff is returned as undeliverable, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current mailing address, the Court may dismiss the action without prejudice for failure to prosecute.

ORDER DECLINING SERVICE, DENYING
MOTIONS FOR JOINDER, AND TO SHOW
CAUSE - 5

Similarly, Plaintiff Tabb was housed at Washington Corrections Center when this action commenced but was transferred to Stafford Creek Corrections Center within weeks of filing suit. *See* Dkt. 37; Dkt. 40-3. As noted, Plaintiff Tabb did not, and was perhaps unable to, obtain signatures from the nineteen other plaintiffs presently in this suit before filing his motions with the Court. Thus, the practical difficulties associated with coordinating filings, obtaining signatures, accomplishing service, communicating regarding litigation strategy, and prosecuting a joint action across multiple detention facilities are not speculative. Rather, those difficulties are already displayed on the record in this case despite the case remaining at a relatively early stage of litigation.

The Court therefore finds that plaintiffs are not properly joined and that severing plaintiffs into individual cases will alleviate the obstacles to multi-plaintiff prisoner litigation while still providing plaintiffs with an avenue to pursue their claims. In instances such as this, the Court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped Plaintiffs. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Further, plaintiffs will not be disadvantaged if they are not permitted to proceed jointly under Rule 20, and any benefits the plaintiffs may enjoy in proceeding together is not thwarted by requiring them to proceed separately.

Finally, for the same reasons discussed above, the Court further concludes that joinder of additional plaintiffs is not appropriate at this time.[2] Accordingly, all pending motions seeking joinder of additional individuals are denied without prejudice to renewal following the Court's resolution of the issues concerning misjoinder and severance addressed herein.

---

[2] The Court also observes that none of the various motions for joinder appear to have been served upon all parties as required by Rule 5 of the Federal Rules of Civil Procedure.

ORDER DECLINING SERVICE, DENYING
MOTIONS FOR JOINDER, AND TO SHOW
CAUSE - 6

## II.    CONCLUSION AND INSTRUCTIONS TO PLAINTIFFS

Based on the forgoing, the Court declines to direct service of the complaint (Dkt. 45) and orders the following:

a.    The motion for preliminary injunction (Dkt. 33) and motion to appoint counsel (Dkt. 46) filed and signed only by Plaintiff Danny Tabb are procedurally improper and are thus stricken from the record in this case.

b.    All pending motions for joinder (Dkts. 23, 27, 29, 30, 31, 34, 40, 43, 49) are denied without prejudice.

c.    On or before **July 1, 2026**, the plaintiffs are ordered to show cause why all plaintiffs except for first-named plaintiff, Danny Tabb, should not be dismissed from this action without prejudice to the institution of new, separate lawsuits pursuant to Federal Rule of Civil Procedure 21. The show cause response must be signed by the following individuals:

Danny Tabb, Ryan Anthony Jacobsen, Trevion Jeremy Tyrone Tucker, Ronald Lewis Lott, Latarion Brewer, Deondre Smith, Cary Michael Casca, Isaiah Devon Williams, Javontae Monquelle Hughes, Kyle Lee McGough, Xavier Mitchell, Leon Sylvester Oya, Christopher Summers, Devin Michael Ryan, Jason Brown, Juan Lucas-Gonzalez, Jean Oni Ua, Alante Peterson, Oscar Hernandez Gonzalez, and Jahmichael Jeter.

d.    Any response to this order must be personally signed by each of the above-named individuals. Failure to timely file a response that complies with this requirement and sufficiently addresses the matters identified herein will result in a recommendation that this action be dismissed.

e.    Alternatively, all plaintiffs have the opportunity to withdraw from this litigation before the case progresses further. Any plaintiff seeking to withdraw must notify the Court on or before **July 1, 2026**. Each plaintiff must serve any request to withdraw from this action, and any other request made to the Court, on all other plaintiffs.

Dated this 1st day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER DECLINING SERVICE, DENYING
MOTIONS FOR JOINDER, AND TO SHOW
CAUSE - 7