UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY F. TABB, et al., Plaintiffs, v. PIERCE COUNTY, et al., Defendants. | CASE NO. 3:26-cv-05400-JHC-DWC<br>REPORT AND RECOMMENDATION<br>Noting Date: **August 5, 2026** |

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. This matter is before Court following an Order directing plaintiffs to show cause why all plaintiffs other than first-named Plaintiff Danny Tabb should not be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 21. Dkt. 52. Having reviewed the record and the filings submitted following the Court's Order, the undersigned recommends that all plaintiffs except Plaintiff Danny Tabb be dismissed from this action without prejudice to all dismissed plaintiffs from instituting new, separate lawsuits.

## I. BACKGROUND

This action was initiated by twenty *pro se* plaintiffs challenging various conditions of confinement at Pierce County Jail ("PCJ"). Dkt. 1. The filing fee was paid on May 21, 2026. *See*

*docket.* Thereafter, the Court screened the complaint under 28 U.S.C. § 1915A and concluded that threshold issues concerning joinder should be resolved before any plaintiff may proceed in this action. Dkt. 52.

Specifically, the Court entered an Order Declining Service, Denying Motions for Joinder, and to Show Cause. Dkt. 52. In the Order, the Court examined the complaint for commonality and explained that, although portions of the complaint appeared to allege institutional conditions affecting detainees generally, the complaint failed to clearly identify which plaintiffs personally suffered many of the alleged constitutional violations. *Id*. at 3–4. The Court further explained that, even assuming the complaint contained some common claims properly joined under Federal Rule of Civil Procedure 20, significant practical and procedural obstacles weighed against permitting twenty *pro se* prisoners to litigate jointly in a single action, including the signature requirements of Federal Rule of Civil Procedure 11, the service requirements of Federal Rule of Civil Procedure 5, plaintiffs' transfers between correctional facilities, and returned mail already appearing on the docket. *Id.* at 4–6.

Accordingly, the Court ordered plaintiffs to show cause, on or before July 1, 2026, why all plaintiffs other than first-named Plaintiff Tabb should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 21. *Id.* at 7. The Court specifically directed that any response be personally signed by each of the twenty named plaintiffs. *Id.* The Court also permitted any plaintiff wishing to withdraw from this action to notify the Court of that intent by July 1, 2026. *Id*.

Following entry of the Order, the Court did not receive a response signed by all twenty plaintiffs. Nor has the Court received any clear notice from any plaintiff electing to withdraw from this action pursuant to the Court's instructions. Instead, the Court has received several piecemeal filings, including an affidavit from Plaintiff Ryan Anthony Jacobsen, a response filed

and signed by only five of the twenty plaintiffs, a motion filed by Plaintiff Ronald Lewis Lott, which is addressed by separate order,[1] and an affidavit submitted by a non-party regarding conditions at PCJ. Dkt. 73 (Jacobsen affidavit); Dkt. 75 (multi-plaintiff response); Dkt. 72 (Lott motion); Dkt. 71 (nonparty affidavit). The Court has also received additional *in forma pauperis* ("IFP") applications, a prison trust account statement, and multiple notices reflecting returned mail directed to several plaintiffs. Dkts. 53, 70 (IFP applications); Dkt. 61 (prison trust account statement); Dkts. 58–60, 63–69, 74 (returned mail noticed). Finally, the Court received an additional motion to join by Nonparty Lars Allen Kallenbach. Dkt. 54.

## II. DISCUSSION

The Court previously concluded that dismissal without prejudice of all plaintiffs except Plaintiff Tabb was appropriate because, although some allegations may satisfy Rule 20's commonality requirement, maintaining this matter as a multi-plaintiff *pro se* prisoner action presents substantial practical and procedural difficulties. Dkt. 52. Plaintiffs were therefore ordered to show cause why the Court should not dismiss all plaintiffs other than Plaintiff Tabb pursuant to Rule 21. *Id*.

The deadline to show cause has expired, and no filing satisfying the Order has been received. The Court specifically directed that any response be personally signed by each of the twenty named plaintiffs. *Id.* at 7. No such jointly signed response has been filed.

Instead, the Court has received several piecemeal filings. First, Plaintiff Ryan Anthony Jacobsen submitted an affidavit describing the conditions of confinement at PCJ and asserting that those conditions affect numerous detainees rather than a single individual. *See* Dkt. 73.

[1] In its Order addressing Plaintiffs Lott's Motion, the Court noted that Plaintiff Lott did not explicitly state he wished to withdraw from this case. Thus, rather than permit his voluntary withdrawal, the Court noted it would recommend Plaintiff Lott's dismissal in a later filed recommendation and does so here together with all plaintiffs except for first named Plaintiff Tabb.

Those assertions, however, do not address the concerns identified in the Order. Also, the Order did not rest solely on whether plaintiffs' allegations satisfied Rule 20's commonality requirement. *See* Dkt. 52 at 4. Rather, the Court explained that "even assuming" some claims may satisfy Rule 20, dismissal without prejudice of all plaintiffs other than Plaintiff Tabb remained appropriate because of the substantial practical and procedural difficulties associated with maintaining this matter as a joint action by twenty *pro se* prisoners. *Id.* at 4–6 (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)). Plaintiff Jacobsen's affidavit, which is not signed by all plaintiffs and does not indicate it was served on all parties when filed with the Court, does not demonstrate why those concerns no longer warrant dismissal without prejudice pursuant to Rule 21.

Next, the subsequent docket activity further illustrates the practical concerns identified in the Order. Following entry of the Order, the Court has continued to receive returned mail directed to multiple plaintiffs. *See* Dkts. 58–60, 63–69, 74. These returned mailings reinforce the Court's earlier observation that the transient nature of plaintiffs' confinement presents substantial logistical difficulties in coordinating litigation among numerous *pro se* prisoners housed at different facilities or released from custody.[2] Dkt. 52 at 5–6. Likewise, the continued filing of individual IFP application in an action for which the filing fee has already been paid further illustrates the administrative complications and difficulties in coordination and communication among plaintiffs and those seeking to join that have arisen in attempting to litigate this matter as a multi-plaintiff action. *See* Dkts. 53, 70 (IFP applications).

---

[2] Some of the returned mail received by the Court contained copies of the Order, indicating that some plaintiffs may not have received the Order or had an opportunity to respond. Dkts. 63–69. Because the undersigned recommends dismissal without prejudice pursuant to Rule 21, however, all plaintiffs dismissed from this action remain free to pursue their claims in separate actions. Thus, in light of the substantial joinder and case-management concerns identified herein, the undersigned concludes that further delaying resolution of those issues to perfect service of the Order upon all plaintiffs is inappropriate.

Finally, Plaintiffs Alante Bryan Peterson, Juan Angel Lucas-Gonzalez, Jason Charles Brown, Christopher Andrew Colt Summers, and Deondre Leigh Smith (hereinafter "Responding Plaintiffs") filed and jointly signed a response to the Order. Dkt. 75. Responding Plaintiffs first disagree with the requirement that all plaintiffs be required to jointly sign any response to the Order, noting that the same practical difficulties in litigating jointly also prevented them from responding jointly. *Id.* Nevertheless, Responding Plaintiffs concede that joining all plaintiffs in this matter is "logistically impossible," and agree with the Court's analysis that permitting plaintiffs to proceed individually in new, separate actions is the more appropriate course. *Id.* at 2. However, Responding Plaintiffs represent that several plaintiffs contributed to the payment of the filing fee in this case and, as such, they request that the Court waive the filing fee payment for plaintiffs instituting new, separate actions. *Id.* The Court recognizes that several plaintiffs may have already contributed to the payment of the filing fee in this case and thus do not wish to pay the filing fee in new, separate actions. However, if any of these plaintiffs are unable to afford prepayment of the filing fee in a new action, they may apply to proceed IFP pursuant to 28 U.S.C. § 1915(a)(2). Thus, the Responding Plaintiffs' request to waive payment of filing fees for those filing new, separate actions should be denied without prejudice.

In sum, the filings submitted following the Order neither comply with the Court's directives nor demonstrate that allowing twenty (or more) *pro se* plaintiffs to proceed jointly in this action is appropriate. No jointly signed response by all plaintiffs has been filed, no plaintiff has meaningfully addressed the practical and procedural concerns identified by the Court, several plaintiffs concede that proceeding jointly in impracticable, and the subsequent docket activity in this action further illustrates the difficulties associated with maintaining this litigation as a multi-plaintiff *pro se* action. Accordingly, the undersigned concludes that plaintiffs have failed to show

cause why all plaintiffs other than Plaintiff Danny Tabb should not be dismissed without prejudice to the institution of new, separate lawsuits.

## III. CONCLUSION

For the above stated reasons and those discussed in the Order (Dkt. 52), the Court recommends that all plaintiffs except Plaintiff Danny Tabb be dismissed from this action without prejudice to their right to file new, separate lawsuits pursuant to Federal Rule Civil Procedure 21. It is further recommended that Plaintiff Tabb be directed to file an amended complaint asserting only those claims and allegations applicable to him individually. Finally, the Court should deny the Responding Plaintiffs' request to waive filing fees in new, separate actions filed by plaintiffs dismissed from this case (Dkt. 74) and the Motion for Joinder (Dkt. 54) filed by Nonparty Lars Allen Kallenbach.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 5, 2026**.

Dated this 14th day of July, 2026.

David W. Christel
United States Magistrate Judge